UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case Nos.:   3:18cr54/MCR/MAL
                                                   3:21cv593/MCR/MAL

KATADREW JAMON SMITH,
        Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant Katadrew Jamon Smith's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.[1] ECF No. 78. The Government responded in opposition (ECF No. 81), and Defendant filed a reply (ECF No. 82). After review of the record and relevant law, the undersigned recommends the section 2255 motion be denied without an evidentiary hearing because Defendant failed to establish trial or appellate counsel was ineffective for failing to raise any of the grounds presented in this motion. *See* Rules Governing Section 2255 Cases 8(a) and (b).

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

## I.    SUMMARY OF DEFENDANT'S ARGUMENTS

Defendant argues his two prior drug convictions are not "serious drug offenses" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and were therefore wrongly used to enhance his sentence. Defendant raises four grounds for relief in his motion:

**GROUND ONE**: Trial and appellate counsel were ineffective in not challenging the validity of Mr. Smith's predicate offenses under the ACCA. Mr. Smith's prior convictions are not serious drug offenses under the ACCA because Florida's definition of controlled substance, cocaine, heroin, and marijuana are overbroad. …

**GROUND TWO**: Trial and appellate counsel were ineffective in not challenging the validity of Mr. Smith's convictions as predicate [offenses] under the ACCA. Mr. Smith's prior convictions are not valid predicates because Fla. Stat. Sect. 893.13(1)(a)(1) criminalizes substances not controlled under Federal law and is indivisible. …

**GROUND THREE**: Trial and appellate counsel were ineffective in not challenging the validity of Mr. Smith's convictions as predicate offenses under the ACCA. Fla. Stat. Sect. 893.13(1)(a)(1) also defines cocaine, heroin, and marijuana more expansively than the [Controlled Substances Act], rendering it overbroad regardless of divisibility. …

**GROUND FOUR**: Trial and appellate counsel were ineffective in not challenging the validity of Mr. Smith's convictions as predicate offenses under the ACCA. Mr. Smith's 1997 prior convictions do not qualify as ACCA predicates because he did not actually face a sentence of ten years or more. ….

ECF. No. 78 at 4, 5, 7, 8.

To analyze Defendant's claims more logically and coherently, the Court will address Ground Two first because Defendant makes a broad argument that § 893.13(1)(a), Fla. Stat. in its entirety is overbroad and indivisible. Next, the Court will address a narrower argument Defendant makes in Grounds One and Three that the specific drug definitions in §§ 893.03(2)(a)(4) and 893.13(1)(a)1., Fla. Stat., are overbroad. Finally, the Court will address Ground Four concerning the maximum term of imprisonment.

## II.    BACKGROUND

On March 15, 2018, a federal grand jury returned a one-count indictment charging Defendant with knowingly possessing a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 1. Defendant waived his right to a jury trial on August 14, 2018. ECF No. 32. The district court conducted a bench trial on August 30, 2018, and found Defendant guilty. ECF Nos. 24, 25, 34.

On February 25, 2019, the district court sentenced Defendant under the ACCA. Because Defendant had "three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another," he was subject to a mandatory minimum sentence of 15 years up to a

maximum sentence of life. 18 U.S.C. § 924(e)(1). Without the ACCA enhancement, Defendant faced a maximum sentence of 10 years. 18 U.S.C. § 924(a)(2) (2018).

Furthermore, due to the ACCA, Defendant qualified as an Armed Career Criminal under USSG § 4B1.4. Without the ACCA enhancement, Defendant's total offense level would have been 24 with a criminal history category of VI. ECF No. 49, (Second) Final Presentence Investigation Report ("PSR") ¶¶ 32, 72. His resulting advisory guideline range would have been 100 to 125 months. With the ACCA enhancement, Defendant's criminal history category remained the same at VI, but his total offense level increased from 24 to 33. PSR ¶¶ 33, 72-73. With a total offense level of 33 and a criminal history category of VI, Defendant's guideline range was 235-293 months. PSR ¶ 119. The court sentenced Defendant at the bottom of this range to 235 months' imprisonment, followed by a five-year term of supervised release. ECF Nos. 55, 65.

The three predicate convictions that qualified Defendant for the ACCA enhancement are listed in the (Second) Final Presentence Investigation Report. ECF No. 49, PSR ¶ 33.[2] In summary, they are:

---

[2] The predicate convictions are also listed in the Indictment in paragraphs 1.b., 1.c., and 1.g. ECF No. 1.

(1) Sale or Delivery of Cocaine on 5/23/1997 in Escambia County, Florida. PSR ¶ 45.

(2) Possession with Intent to Sell Cocaine on 1/2/1998 in Escambia County, Florida. PSR ¶ 46.

(3) Strong Arm Robbery on 3/23/2004 in Escambia County, Florida. PSR ¶ 55.

The Strong Arm Robbery conviction is a "violent felony" under the ACCA. Defendant does not challenge this predicate conviction. Defendant's arguments are directed to the prior drug convictions listed in paragraphs 45 and 46 of the PSR.

Defendant challenged those same two predicate convictions on direct appeal, arguing that § 401(a)(1) of the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 924(e)(2)'s definition of a "serious drug offense", and therefore, the court erred in finding that those convictions qualified as serious drug offenses under the ACCA. ECF No. 71 at 2. The Eleventh Circuit Court of Appeals rejected Defendant's claim and held the FSA did not amend 18 U.S.C. § 924(e)(2)(A)(ii) because "the plain and unambiguous language of § 401(a)(1) amends only" the Controlled Substances Act ("CSA"). *Id.* at 6.[3] On January 8, 2020, the Eleventh Circuit affirmed Defendant's convictions and sentences. *Id.*

---

[3] Defendant also unsuccessfully challenged the sufficiency of the evidence. ECF No. 71 at 2.

In Defendant's section 2255 motion, he makes different arguments as to why his two prior drug convictions do not qualify as predicate offenses under the ACCA. ECF No. 78 at 5-9. Defendant contends counsel[4] provided ineffective assistance at sentencing and on direct appeal by not making the arguments he now presents.

## III.   ANALYSIS

### A. Standard for Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Denson v. United States*, 804 F.3d 1339, 1341 (11th Cir. 2015). The defendant bears the burden to prove any claim in his section 2255 motion. *Beeman v. United States,* 871 F.3d 1215, 1222 (11th Cir. 2017) (quoting *Rivers v. United States,* 777 F.3d 1306, 1316 (11th Cir. 2015)). If a defendant fails to carry his burden on either of *Strickland*'s two requirements, a court

---

[4] The same attorney, Joseph Lee Hammons, represented Defendant at trial and on direct appeal. ECF Nos. 14, 60.

may dispose of an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697.

A defendant must also receive effective assistance from appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). A claim of ineffective assistance of appellate counsel is governed by the same standards applied to trial counsel under *Strickland*. *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009).

## B. Defendant's Grounds

### a. Ground Two Fails Because § 893.13(1)(a), Fla. Stat. is Divisible by Drug Type

In Ground Two, Defendant argues his qualifying convictions under § 893.13(1)(a) for sale or delivery of cocaine and possessing with intent to sell cocaine do not necessarily involve a controlled substance under federal law because Florida's controlled substance schedules are broader than the federal schedules. Defendant contends this Court cannot look to the fact that his convictions involved cocaine because § 893.13(1)(a) is not divisible by drug type. *See* ECF No. 78 at 6.

Defendant's argument fails because the Eleventh Circuit has already held that Florida's possession of controlled substance statute—specifically, § 893.13(6)—is divisible by drug type. *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174 (11th Cir. 2018).

The possession statute analyzed in *Guillen* has a similar structure to § 893.13(1)(a), and Florida courts consider the identity of the drug to be an element of § 893.13(1)(a). Thus, § 893.13(1)(a) is divisible for the same reasons found in *Guillen.*

### i.    *Categorical and Modified Categorical Approach*

To determine whether a state offense is a valid predicate for an enhancement, a categorical or modified categorical approach applies depending on the structure of the state statute. *Id.* at 1180. The categorical approach applies when a state offense contains "a single, indivisible set of elements" that define the predicate conviction. *Descamps v. United States*, 570 U.S. 254, 258 (2013).

However, a "modified categorical approach" is required when more than one state offense is encompassed under a single statute number. *Id.* at 263. A statute containing "multiple, alternative versions of the crime" is deemed "divisible." *Id.* at 262. The modified categorical approach permits the court to determine which crime of those enumerated in a divisible statute was the basis of the defendant's conviction. *Id.* at 263. When determining whether a state statute is divisible, a court should look at the statutory text and structure, and consider whether "a state court decision

definitively answers the [divisibility] question" since state courts "are the ultimate expositors of state law." *Guillen*, 910 F.3d at 1181-82 (citations omitted).

Under both the categorical and modified categorical approaches, a court focuses on the elements of the state offense and compares them to the elements required for enhancement. *Descamps*, 570 U.S. at 257, 263; *see also, Shular v. United States*, ___ U.S. ___, 140 S. Ct. 779, 782 (2020) (the matching analysis for "serious drug offense" does not involve a comparison to a generic offense but instead to the conduct specified in the definition). The court "presumes that the [state offense] rested upon nothing more than the least of the acts criminalized or the least culpable conduct." *United States v. Laines*, 69 F. 4th 1221, 1233 (11th Cir. 2023). If the elements of the state offense, viewed in this light, are the same as, or narrower than, the elements required for enhancement, then the state offense qualifies as a valid predicate conviction under the enhancement statute. *Descamps*, 570 U.S. at 257.

> ii.    *Definition of "Serious Drug Offense"*

Under the ACCA, a "serious drug offense" is defined as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act

(21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii).

Unlike other enhancement provisions that may require reference to a "generic crime," there is no "generic crime" for "serious drug offense" because the definition specifies the elements required to meet the definition. *See United States v. Travis Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014). The definition can be parsed into the following elements: (1) conduct required ("manufacturing, distributing, or possessing with intent to manufacture or distribute"), (2) drug involved ("a controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)"); and (3) prescribed penalty ("a maximum term of imprisonment of ten years or more"). Defendant's claims in Grounds One, Two, and Three only address the second element, which is the drug involved as defined in the CSA. Thus, the following divisibility analysis will be narrowly focused on whether Defendant's state offenses necessarily involved a controlled substance as defined under the CSA.

### iii. *The Structure of § 893.13(1)(a) and Treatment under Florida Law Shows It Is Divisible as to Drug Type*

Section 893.13(1)(a)1 is contained within the "Florida Comprehensive Drug Abuse Prevention and Control Act," Chapter 893, Florida Statutes. For any violation

of § 893.13(1)(a)1, a court must look to several places to determine the elements

necessarily involved. The prohibited acts and penalties are contained within the text,

which states in pertinent part:

> (1)(a) … it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
>
> 1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) commits a felony of the second degree.…

§ 893.13(1)(a), Fla. Stat. (1997 and 1998).[5]

A defendant can be charged with a second-degree felony under § 893.13(1)(a)

based on any of the controlled substances listed in § 893.03(1)(a), (1)(b), (1)(d),

(2)(a), or (2)(b) of Florida's drug standards and schedules. Defendant is correct that

Florida's drug schedule in § 893.03 contains substances besides cocaine that are not

listed on the federal schedule. *See Guillen*, 910 F.3d at 1179 ("The Florida controlled

substance schedules undeniably are broader than the definition of 'controlled

substance' under federal law."). However, § 893.13(1)(a) is divisible by drug type

for the same reasons explained by the Eleventh Circuit in *Guillen*, which allows this

---

[5] The 1997 and 1998 versions of § 893.13(1)(a)1., Fla. Stat., are identical. The present version is substantially the same but adds controlled substances named or described in § 893.03(2)(c)(5).

Court to determine that cocaine was the drug involved in Defendant's prior convictions.

Looking first to the structure, § 893.13(1)(a) is the same as the possession offense in subsection (6) of § 893.13 found to be divisible in *Guillen*. Like § 893.13(1)(a), Florida's simple possession statute in § 893.13(6) sets out prohibited acts and penalties:

> (6)(a) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 893.13(6), Fla. Stat. (2014 and 2016).

Controlled substances are defined separately by the schedules listed in § 893.03, just like § 893.13(1)(a). In *Guillen*, the Eleventh Circuit determined § 893.13(6)'s structure was unclear as to whether the listed substances were alternative elements or merely "various factual means that satisfy a single 'controlled substance' element." *Guillen*, 910 F.3d at 1182. For further guidance, the court turned to Florida case law and found "Florida's courts consider the identity of the particular substance to be an element of possession" under § 893.13(6), thereby

creating separate offenses according to drug type. *Id.* at 1183; *see Jenkins v. Wainwright*, 322 So.2d 477, 478 (Fla. 1975) (holding a defendant could be convicted under § 893.13(6) of both possession of marijuana and possession of a hallucinogenic drug since they were two separate drug substances, "each of which constitutes … a separate violation of law"). The court then reviewed Florida's Standard Jury Instructions and confirmed that § 893.13(6) creates multiple offenses according to drug type because the specific drug possessed is an element of the offense. *Guillen*, 910 F. 3d at 1184.

Applying the same divisibility analysis used in *Guillen*, Florida case law interpreting § 893.13(1)(a) treats the identity of the drug as an element of the offense. For example, in *Edwards v. State*, the Second District Court of Appeal ("DCA") found the Florida Legislature had intended to "punish a defendant for the sale of each type of controlled substance listed in sections 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)(4). In other words, the sale of each substance constitutes a 'discrete act' and 'a separate violation of the statute.'" *Edwards,* 268 So. 3d 849, 853 (Fla. 2d DCA 2019) (citations omitted). The Second DCA went on to state,

> The entire focus of this statutory scheme is the meaningful differences between types of drugs and the appropriate punishment for crimes involving each type—the severity of the crime (and, therefore, the severity of the punishment) hinges on the type of drug sold.

> Considering this statutory scheme, it becomes clear that each type of drug sold is intended to be a "unit of prosecution" and can be punished separately. … Therefore, we … hold that each type of controlled substance prohibited by 893.13(1)(a)(1) constitutes an *allowable* unit of prosecution for that statute.

*Id.* (emphasis in original).

Although *Edwards* was decided in 2019 and Defendant's qualifying convictions were in 1997 and 1998, the basic structure of § 893.13(1)(a) has not changed over time. *Compare* § 893.13(1)(a), Fla. Stat. (1997 and 1998) *with* § 893.13(1)(a), Fla. Stat. (2019).

Furthermore, like the court found in *Guillen*, Florida's Standard Jury Instructions for § 893.13(1)(a) show that drug type is an element of the offense that must be proven beyond a reasonable doubt. In pertinent part, the standard instructions state:

> Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
>
> To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
>
> 1. (Defendant)
>    [sold] [manufactured] [delivered] [purchased] [possessed with intent to [sell] [manufacture] [deliver] [purchase]] a certain substance.
> 2. The substance was (specific substance alleged).
> 3. (Defendant) had knowledge of the presence of the substance.

Fla. Standard Jury Instr. (Crim.) 25.2 (1997 and 1998).

The identity of the controlled substance must be an element of the crime because there are two separate places where the instructions require the "specific substance" to be written in. *Guillen*, 910 F.3d at 1184. As noted in *Guillen*, Florida standard jury instructions are an "authoritative source of state law" when determining the divisibility of a statute. *Id.* Florida case law and the standard jury instructions provide a definitive answer: § 893.13(1)(a) is divisible by drug type.

Neither of the two cases Defendant relies on for his contrary position affords him relief. He first cites *West v. State*, 456 So. 2d 946 (Fla. 1st DCA 1984), to support his argument that § 893.13(1)(a) is not divisible as to drug type. *See* ECF No. 78 at 16. But Defendant's reliance on *West* is misplaced. Contrary to Defendant's claims, *West* never held that the identity of the drug possessed was not an element of the offense. Rather, the court in *West* only addressed the narrow issue of whether the defendant received proper notice and held that "the amended information … placed West on sufficient notice of the charged offense" since it only charged "one defendant with *one offense* … arising out of *one criminal episode*." *West*, 456 So. 2d at 947 (emphasis added). The prosecution's failure to identify which of the two

controlled substances it would rely upon for a conviction was not a reversible error. *Id.*

Next, Defendant cites *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1283 (11th Cir. 2013) for the proposition that § 893.13(1)(a) is indivisible as to drug type. *See* ECF No. 78 at 16. But *Donawa* does not hold that § 893.13(1)(a) is indivisible as to drug type. In *Donawa*, the court conducted a different divisibility analysis as to *mens rea* with respect to the illicit nature of the substance, not drug type. *Donawa*, 735 F.3d at 1281. In that case, the court considered whether a conviction for possession with intent to sell cannabis under § 893.13(1)(a), as amended by § 893.101, was a conviction for a "drug trafficking crime" under the Immigration and Nationality Act ("INA"). *Id.* at 1279. The court determined § 893.101—which made the lack of knowledge of the illicit nature of the substance an affirmative defense—eliminated the government's burden to establish *mens rea* for a § 893.13(1)(a) offense. *Id.* at 1281. Because a "drug trafficking offense" under the INA requires *mens rea*, a § 893.13(1)(a) violation could not satisfy the elements of a "drug trafficking aggravated felony." *Id.* at 1283.

In contrast to *Donawa*, there is no *mens rea* element for a "serious drug offense" under the ACCA. *See Travis Smith*, 775 F.3d at 1268. Moreover,

Defendant's prior drug convictions occurred before § 893.101 took effect in 2002. *See* § 893.101, Fla. Stat. (2002). Thus, *Donawa* is inapplicable to the analysis in the instant case.

Based on the foregoing, Defendant's claim in Ground Two that § 893.13(1)(a) is indivisible as to drug type is without merit. Defendant's trial and appellate counsel were not constitutionally ineffective for failing to raise this meritless argument. *See Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020); *Denson*, 804 F.3d at 1342 ("Failing to make a meritless objection does not constitute deficient performance."). Defendant is not entitled to relief on Ground Two.

> b. <u>Grounds One and Three Fail Because there is No Realistic Probability that Florida's Definition of Cocaine is Actually Broader than the Federal Standard</u>

In Grounds One and Three, Defendant argues his two prior drug convictions are not "serious drug offenses" under the ACCA because Florida's definition of controlled substances—including cocaine, heroin, and marijuana—is "overbroad" and defined "more expansively that the CSA, rendering it overbroad regardless of divisibility." ECF No. 78 at 4, 8. Since Defendant's two underlying "serious drug offenses" only involved cocaine, Defendant's arguments concerning heroin and marijuana are irrelevant and will not be considered.

### i.    *Definitions of Cocaine*

Defendant is correct that there is a mismatch between the Florida and federal definitions of cocaine. Florida law defines "cocaine" to include "*any* of [its] stereoisomers, and any salt, compound, derivative, or preparation of cocaine." § 893.03(2)(a)(4), Fla. Stat. (1997, 1998) (emphasis added). Federal law defines "cocaine" as "its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812, Sched. II(a)(4) (1997, 1998). Optical isomers, geometric isomers, and nongeometric diastereomers are all kinds of stereoisomers." *Chamu v. U.S. Att'y Gen.,* 23 F. 4th 1325, 1331 (11th Cir. 2022); *see also, United States v. Phifer*, 909 F.3d 372, 377 n.5 (11th Cir. 2018). Since the federal definition does not mention nongeometric diastereomers of cocaine, Florida's definition of "cocaine" is broader than the federal definition, because Florida's definition includes nongeometric diastereomers. *Id.* However, this difference amounts to a theoretical difference that is not enough to gain relief.

### ii.    *No realistic probability*

Defendant must still show there is a "realistic probability" that the state statute was applied (or could be applied) more broadly than the federal counterpart. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). A defendant can show a

"realistic probability" by proving "the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts, in fact, did apply the statute in the special (nongeneric) manner for which he argues." *Id.*; *Chamu*, 23 F. 4th at 1330 ("The simplest way for an offender to show realistic probability is to point to a case in which the state statute was used to prosecute such conduct.").

Here, Defendant does not claim nongeometric diastereomers of cocaine were the basis of either of his two state court convictions under § 893.13(1)(a). Defendant also fails to cite any Florida cases in which a defendant was convicted for possessing or selling nongeometric diastereomers of cocaine. Indeed, no one has ever shown there is "an actual isomer that is a diastereomer but not a geometric isomer of cocaine." *Chamu*, 23 F. 4th at 1332. Defendant's arguments about the "hypothetical existence of a form of cocaine that has slipped through the cracks of federal legislation [are] no more than 'legal imagination' conjuring up a 'theoretical possibility'—a practice forbidden by the Supreme Court." *Id.* at 1332-33 (quoting *Duenas-Alvarez*, 549 U.S. at 193). Accordingly, Defendant has not shown a "realistic probability" that Florida's 1997 and 1998 definition of "cocaine" was applied more broadly than the federal counterpart.

     *iii.* *Strickland Requirements Not Met*

  Defendant's counsel was not constitutionally ineffective for failing to argue that Florida's 1997 and 1998 definition of cocaine was broader than the federal definition. To date, there is still no proof that an actual nongeometric diastereomer of cocaine actually exists. Furthermore, binding precedent at the time of Defendant's sentencing held that a conviction under section 893.13(1) qualified as a "serious drug offense." *Laines*, 69 F. 4th at 1234 ("*Chamu* did not abrogate our precedents about a prior conviction under Florida Statutes section 893.13(1) qualifying as a 'serious drug offense' under the Armed Career Criminal Act."); *see also Travis Smith*, 775 F.3d at 1268 ("Section 893.13(1) of the Florida Statutes is ... a 'serious drug offense.'"); *United States v. Xavier Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020) (holding the defendant's "three prior sale of cocaine convictions under Fla. Stat. § 893.13(1)(a)(1) were serious drug offenses within the meaning of the ACCA"); *United States v. McKenzie*, 696 F. App'x 417, 419 (11th Cir. 2017) ("Defendant's three prior convictions in Florida for possession with intent to sell, manufacture, or deliver cocaine qualified as serious drug offenses under the ACCA" because binding precedent held "a conviction under Florida Statute § 893.13(1) … constitutes a serious drug offense under the ACCA" (citing *Travis Smith*, 775 F.3d at 1268)).

Although trial counsel could have distinguished the precedents, a "failure to object to a single error that is either *unobvious* or nonprejudicial does not 'stamp [counsel's] overall performance with a mark of ineffectiveness.'" *Gordon v. United States*, 518 F.3d 1291, 1289 (11th Cir. 2008) (quoting *Chatom v. White*, 858 F.2d 1479, 1485 (11th Cir.1988)) (emphasis added). Defendant's claims in Grounds One and Three are "unobvious" given the state of the law at the time. Indeed, *Chamu* was decided in 2022 *after* Defendant's bench trial in 2018 and direct appeal in 2020. Likewise, *United States v. Jackson,* 55 F. 4th 846, 852-54 (11th Cir. 2022), which clarified the holdings of the prior precedents, was decided in December 2022. Defense counsel should not be deemed ineffective for failing to raise an argument that did not develop until years after Defendant's conviction became final. *See Pitts v. Cook*, 923 F.2d 1568, 1574 (11th Cir. 1991) ("While the ability to think creatively can be a great asset to trial lawyers, lawyers rarely, if ever, are required to be innovative to perform within the wide range of conduct that encompasses the reasonably effective representation mandated by the Constitution.").

With regard to Defendant's appellate counsel, even if Defendant's arguments in Grounds One and Three had been raised on direct appeal, the challenge to his

predicate convictions would have failed on plain error review. *See Laines*, 69 F. 4th at 1232-34.

Based on the foregoing, Defendant has not demonstrated a "realistic probability" that § 893.13(1)(a) was applied more broadly than the federal standard. Neither trial nor appellate counsel was constitutionally ineffective. Defendant is not entitled to relief on Grounds One and Three.

### c.  Ground Four Fails Because "Maximum Term of Imprisonment" Means the Statutory Maximum

In Ground Four, Defendant argues counsel rendered ineffective assistance for failing to argue his "1997 prior convictions" did "not qualify as ACCA predicates because [Defendant] did not actually face a sentence of ten years or more." ECF No. 78 at 8. As an initial matter, Defendant only has one 1997 conviction that counted as a qualifying offense under the ACCA. *See* ECF No. 49, PSR ¶ 45. Regardless of which drug conviction Defendant is challenging (1997, 1998, or both), this argument is without merit.

Binding precedent from the Eleventh Circuit has expressly foreclosed Defendant's argument that a court "must look to the sentence that the particular defendant could have received under the sentencing guidelines instead of the statutory maximum." *Laines*, 69 F. 4th at 1233. The "maximum term of

imprisonment of ten years or more" in the definition of "serious drug offense" refers to the statutory maximum. *McCarthy v. United States*, 135 F.3d 754, 756-57 (11th Cir. 1998). Both of Defendant's qualifying drug convictions were second-degree felonies punishable by up to fifteen years in prison. *See* §§ 893.13(1)(a)(1), 775.082(d), Fla. Stat. Thus, Defendant's convictions meet the requirement of being punishable by a maximum term of imprisonment of at least ten years. Defendant's trial and appellate counsel were not constitutionally ineffective for failing to raise a meritless objection. *See Hollis*, 958 F.3d at 1124; *Denson*, 804 F.3d at 1342. Defendant is not entitled to relief on Ground Four.

## IV.   CONCLUSION

An evidentiary hearing is not necessary to resolve Defendant's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Contrary to Defendant's arguments in Ground Two, § 893.13(1)(a)1. is divisible by drug type. As to Grounds One and Three, Defendant has failed to show a realistic probability that Florida's definition of cocaine was applied more broadly than the federal counterpart. Finally, as to Ground Four, Defendant's argument that he was not facing a maximum sentence of at least ten

years is without merit. Defense counsel was not ineffective for failing to raise these meritless arguments, and Defendant has not met his burden of showing he is entitled to relief. *See Beeman*, 871 F.3d at 1222. Accordingly, Defendant's amended motion should be denied in its entirety.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should be issued." If there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The amended Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 78) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Gainesville, Florida on November 16, 2023.


s/ Midori A. Lowry

**MIDORI A. LOWRY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.